UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

CHRISTINA WESTERMEYER AND
JOHN ALTERI,

                      Plaintiffs,

v.                                                    Civil Action No. _____

PORTFOLIO RECOVERY ASSOCIATES, LLC

                      Defendant.
_____

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I. INTRODUCTION

1. This is an action for actual and statutory damages brought in response to Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (hereinafter "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### II. JURISDICTION AND VENUE

2. Jurisdiction of this court arises under 15 U.S.C. §1692k(d), 28 U.S.C. § 1331, and 28 U.S.C. § 1337.

3. Venue is proper in this district under 28 U.S.C. §1391(b) in that the Defendant transacts business here and the conduct complained of occurred here.

### III. PARTIES

4. Plaintiff Christina Westermeyer is a natural person residing in the County of Erie and State of New York and is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

5. Plaintiff John Altieri is a natural person residing in the County of Erie and State of New York and is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

6. Defendant Portfolio Recovery Associates, LLC is a foreign business corporation organized and existing under the laws of the State of Virginia and is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

7. Defendant regularly attempts to collect debts alleged to be due another.

8. The acts of the Defendant alleged hereinafter were performed by its employees acting within the scope of their actual or apparent authority.

9. All references to "Defendant" herein shall mean the Defendant or an employee of the Defendant.

## IV. FACTUAL ALLEGATIONS

10. That Plaintiff, Christina Westermeyer, allegedly incurred a debt with U.S. Bank National Association. This debt will be referred to as "the subject debt."

11. That the subject debt arose out of a transaction in which money, services or property, which was the subject of the transaction, was primarily for personal, family and/or household purposes. As such, said debt is a "debt" as that term is defined by 15 U.S.C. §1692a(5).

12. That Plaintiff thereafter allegedly defaulted on the subject debt.

13. That upon information and belief Defendant, sometime after the alleged default, acquired the subject debt and began to collect on the subject debt.

14. That on or about May 21, 2013, Defendant sent Plaintiff, Christina Westermeyer, a letter offering a settlement on the subject debt.

15. That on or about June 28, 2013, Plaintiff Christina Westermeyer contacted Defendant to negotiate a settlement for the subject debt. Pursuant to this conversation, Defendant agreed to settle the subject debt for $510.35. Plaintiff then gave the Defendant her bank account information to settle the account.

16. That on or about July 9, 2013, the $510.35 payment cleared Plaintiff's bank's checking account.

17. That Plaintiff Christina Westermeyer was told by the Defendant to contact their office on July 27, 2013 for a payment confirmation letter.

18. That on or about July 27, 2013, Plaintiff Christina Westermeyer contacted the Defendant for the settled in full letter. Despite Plaintiff's above request, the Defendant failed to send the confirmation letter until approximately August 22, 2013.

19. That on or about August, 2013, Defendant began calling Plaintiff, Christina Westermeyer and her parents multiple times in an attempt to collect on the subject debt.

20. That on or about August, 2013, Plaintiff John Altieri, Christina's father, informed Defendant that Plaintiff Christina Westermeyer does not live there and to stop calling. However, Defendant continued to contact Plaintiff John Altieri after the verbal cease and desist.

21. That on August 20, 2013, Plaintiff Christina Westermeyer contacted Defendant regarding the multiple calls she received attempting to collect on the previously satisfied debt. She told a representative of the Defendant to look at the notes on the account and confirm that this account was settled in full.

22. That on or about August 21, 2013, Plaintiff Christina Westermeyer received another call from the Defendant after the conversation with the representative on August 20, 2013. Again, she contacted the Defendant regarding the call. She spoke to the same representative and was told that a settled in full letter would be sent out.

23. That on or about August 22, 2013, Plaintiff, Christina Westermeyer finally received a letter from Defendant confirming that the account was settled in full.

24. That Defendant did not give the mini-Miranda warning during the above automated calls to the Plaintiffs.

25. That as a result of Defendant's acts Plaintiffs became nervous, upset, anxious, and suffered from emotional distress.

## V. CAUSE OF ACTION

26. Plaintiffs repeats, re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 25 above.

27. The conduct of Defendant as described in this complaint violated the Fair Debt Collection Practices Act (15 U.S.C. §1692 et seq.) as follows:

    A. Defendant violated 15 U.S.C. §1692b(2) by disclosing the subject debt to Plaintiff, John Altieri, Christina Westermeyer's father.

    B. Defendant violated 15 U.S.C. §1692b(3) by contacting Plaintiff, John Altieri after being told that Plaintiff Christina Westermeyer did not live in his home and to stop calling his home.

    C. Defendant violated 15 U.S.C §1692c(a)(1) by contacting Plaintiff Christina Westermeyer repeatedly to collect on a debt that was already known to have been settled in full.

    D. Defendant violated 15 U.S.C. §1692d and 15 U.S.C. §1692d(5) by contacting Plaintiff Christina Westermeyer repeatedly to collect on a debt that was already known to have been settled in full and by contacting Plaintiff, John Altieri repeatedly to harass oppress or abuse after being told not to call.

    E. Defendant violated 15 U.S.C. §1692e(2), 15 U.S.C. §1692e(5) and 15 U.S.C. §1692e(10) by attempting to collect a debt known to have been settled in full.

3

    F. Defendant violated 15 U.S.C. §1692e(11) by failing to communicate the mini-Miranda warning and asking the Plaintiff's parents to pass a message to Plaintiff.

    G. Defendant violated 15 U.S.C. §1692f by attempting to collect a debt known to have been settled in full.

28. That as a result of the Defendant's FDCPA violations as alleged herein, Plaintiffs became nervous, upset, anxious and suffered from emotional distress.

**WHEREFORE**, Plaintiffs respectfully requests that judgment be entered against the Defendant for:

    (a) Actual damages;

    (b) Statutory damages for pursuant to 15 U.S.C. § 1692k.

    (c) Costs, disbursements and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

    (d) For such other and further relief as may be just and proper.

## VI. JURY DEMAND

Please take notice that Plaintiffs demands trial by jury in this action.

Dated: February 4, 2014

    /s/ Seth J. Andrews, Esq.
Seth J. Andrews, Esq.
Kenneth R. Hiller, Esq.
Law Offices of Kenneth Hiller, PLLC
*Attorneys for the Plaintiff*
6000 North Bailey Ave., Suite 1A
Amherst, NY 14226
(716) 564-3288
Email:sandrews@kennethhiller.com
    khiller@kennethhiller.com